PASSAIC COUNTY COURT OF COMMON PLEAS.

FRANK BUDREVIE, PETITIONER-APPELLANT, v. WRIGHT AERONAUTICAL CORPORATION, RESPONDENT-APPELLEE.

Decided January 15, 1946.

For the petitioner-appellant, *Isadore Rabinowitz.*

For the respondent-appellee, *John W. Taylor.*

DELANEY, C. P. J. This is a compensation case dealing with horseplay as the cause of the accident. Petitioner-appellant, hereinafter called petitioner, with six or seven other employees, was riding on an elevator in respondent-appellee's factory. After lunch, about twelve-thirty, petitioner got on the elevator in the basement to ascend to his work on the second floor, in company with these other employees, all men. The elevator was crowded, containing barrels of garbage and boxes, besides the employees. Petitioner, who was standing in the front of the elevator, was pushed, as he concedes in his brief, "intentionally in a spirit of fun" by a fellow employee, and slipped so that his leg was caught

between the elevator and shaft and broken before the elevator could be stopped.

The contention of the petitioner is that this accident, concededly caused by horseplay, is compensable because the condition of the elevator was a contributing cause without which the accident would not have happened. The petitioner claims to have slipped from the shove because of oil on the floor of the elevator and on his shoes. There was no gate on the elevator.

In his brief, petitioner cites many cases to support his contention, but we find that the contributing causes were all due to the nature of the employment, and most of them do not have a sportive act as the proximate cause. We understand the law to be that an injury caused by accident is not compensable if that accident is sportive in origin, unless such sportiveness is customary and dangerous so that the employer knew or should have known the probable consequences of danger resutling from these sportive acts and took no steps to prevent their recurrence. *Staubach* v. *Cities Service Oil Co.*, 126 *N. J. L.* 479; 19 *Atl. Rep.* (*2d*) 882; *Hulley* v. *Moosbrugger*, 88 *N. J. L.* 161; 95 *Atl. Rep.* 1007. There is no contention in the instant case that there was customary horseplay on the elevator.

Here we have an admitted act of skylarking resulting in an injury, and, therefore, this injury did not arise "out of" the employment.

The judgment of the Workmen's Compensation Bureau is affirmed.